*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2017-272

JANUARY TERM, 2018

| | |
|---|---|
| In re P.K. | } APPEALED FROM:<br>}<br>} Superior Court, Windham Unit,<br>} Family Division<br>}<br>}<br>} DOCKET NOS. 150-6-17 Wmmh &<br>          180-7-17 Wmmh |

Trial Judge: Katherine A. Hayes

In the above-entitled cause, the Clerk will enter:

Respondent P.K. appeals the court's orders granting the State's application for involuntary treatment (hospitalization) and involuntary medication. On appeal, respondent argues: (1) that the evidence does not support the court's finding that she was a person in need of treatment at the time of application, (2) that the evidence did not support the finding that she was a patient in need of further treatment at the time of the hearing, (3) that the court shifted the State's burden of proof onto respondent, and (4) that the court erred in ordering involuntary medication where the State had not met its burden of proof for involuntary treatment. The State argues that the order has expired, and it has not sought further hospitalization, and therefore the matter is moot. We conclude that an exception to mootness applies, and affirm.

The State filed a petition for involuntary treatment on June 21, 2017 and an application for involuntary medication on July 18, 2017. The court consolidated the hospitalization and medication cases, and held a hearing on July 21, 2017. The record demonstrates that on June 19, 2017, respondent was in the emergency department at the UVM Medical Center. Testimony was presented by a hospital nurse, who treated respondent on June 19, a mental-health screener who screened respondent on June 19, and a psychiatrist at the Brattleboro Retreat, who became respondent's treating psychiatrist after she was admitted to the Brattleboro Retreat on June 19.

The court made the following oral findings. Respondent has bipolar disorder, a serious mental illness. She was in a significant manic phase of the illness and had disordered thoughts. On the day she was admitted to UVM Medical Center, she exhibited an inability to exercise self-control and her judgment and discretion were so lessened that she posed a danger of harm to herself. She made threatening statements to the nurse and the mental-health screener. Further, she was in a disorganized and confused mental state that made her unable to meet her own needs. At the time of the hearing, she presented more calmly than when first admitted to the hospital, but was still manic and had extremely disorganized thoughts. She continued to suffer from the same mental illness and was unable to assess her own needs in a reasonable way. She denied having a mental illness and the need for treatment. She made threats to other patients and staff, which would put her at risk of harm.

Based on these facts, the court concluded that respondent was a person in need of treatment at the time of admission and a patient in need of further treatment at the time of the hearing, and that no less restrictive alternative treatment was available. The court granted the application for involuntary treatment and ordered respondent be hospitalized for ninety days. The court also granted the application for involuntary medication, finding that respondent was not competent to make a decision regarding her own medication. Respondent appealed.

As an initial matter, we address the threshold question of whether the case is moot because the orders on appeal expired after ninety days and therefore have no current effect on respondent. See In re P.S., 167 Vt. 63, 67 (1997) (explaining case is moot when "the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome" (quotation omitted)). Even a case that is moot will be reviewed if there are negative collateral consequences that might attach or the "situation is capable of repetition, yet evades review." Id. Here, the State argues that there is no collateral consequence of the continued stigma of a mental-health diagnosis because respondent does not challenge the existence of her mental illness. Cf. State v. J.S., 174 Vt. 619, 620 (2002) (mem.) (concluding that case was not moot because "the negative collateral consequences of being initially adjudicated mentally ill and then involuntarily hospitalized may continue to plague appellant with both legal disabilities and social stigmatization"). The State also asserts that the situation is not capable of repetition because any future challenge to a hospitalization order would be based on unique facts.

Respondent argues that negative collateral consequences are likely to result. She points to the fact that under state law the hospitalization order must be reported to the National Instant Criminal Background Check System and she will be precluded from possessing a firearm. 18 V.S.A. § 7617a; see 18 U.S.C. § 922(g)(4) (stating that it is unlawful for person, who has been committed to "mental institution" to ship, possess, or receive firearm). She also argues that there is lasting stigma from the finding of dangerousness and the need for involuntary treatment.

We conclude that given this is respondent's first involuntary commitment, the resulting consequence of prohibiting her from possessing a firearm is a sufficient collateral consequence to preclude dismissal for mootness. See In re Walter R., 2004 ME 77, ¶ 11, 850 A.2d 346 (declining to dismiss appeal from commitment order as moot due to collateral consequences including prohibition against possessing firearm). Therefore, we turn to the substance of respondent's appeal.

On appeal, respondent argues that the State failed to meet its burden of proving by clear and convincing evidence that she was a danger to herself or others at the time of admission or application, as required by 18 V.S.A. § 7617(b).

To support an application for involuntary treatment, the State has the burden of demonstrating by clear and convincing evidence that the respondent is a person in need of treatment at the time of admission or application and a patient in need of further treatment at the time of the hearing. See 18 V.S.A. § 7616(b) (setting burden of proof); id. § 7617(b) (explaining circumstances when court may order hospitalization). The statute defines "a person in need of treatment" as:

> a person who has a mental illness and, as a result of that mental illness, his or her capacity to exercise self-control, judgment, or discretion in the conduct of his or her affairs and social relations is so lessened that he or she poses a danger of harm to himself, to herself, or to others.

2

18 V.S.A. § 7101(17). The State may show a "danger of harm to others" by establishing, among other things that "by his or her threats or actions he or she has placed others in reasonable fear of physical harm to themselves." Id. § 7101(17)(A)(ii).

Respondent argues that the evidence does not support the court's finding by clear and convincing evidence that at the time of admission or application, respondent was a person in need of treatment because she presented a risk of harm to herself or others. This court gives deference to the findings made by the trial court. In re N.H., 168 Vt. 508, 512-13 (1998) ("Even where the standard of proof is clear and convincing evidence, we will uphold trial court findings as long as there is substantial evidence to support them although they are contradicted by credible evidence." (quotation omitted)). It is for the trial court to assess the credibility of the witnesses and weigh the evidence. Id. "The test on review is not whether this Court is persuaded that there was clear and convincing evidence, but whether the factfinder could reasonably have concluded that the required factual predicate was highly probable." Id.

Here, the evidence was sufficient to support the court's finding that respondent was a person in need of treatment at the time of admission and application. The emergency room nurse testified that when respondent was admitted, staff had concerns that she presented a threat to safety; respondent was agitated, respondent told the nurse she would hit her, and the nurse felt threatened enough to move out of the room. The nurse also reported that respondent had stated earlier in the day that she would kill everyone in the emergency room and would kill the psychiatrist. Respondent argues that these were vague statements and would not put others in reasonable fear of harm. Given the evidence that staff took the threats seriously, enacted appropriate responsive protocols, and the nurse removed herself in response to respondent's threat, the evidence was sufficient to support the court's finding that respondent was in need of treatment because she presented a danger of harm to others. Therefore, we need not consider whether the evidence supported the court's finding that respondent posed a danger of harm to herself.

Respondent also contends that the evidence does not support the court's finding that she was a patient in need of further treatment, which is defined, in part, as "a person in need of treatment." 18 V.S.A. § 7101(16)(A). Respondent argues that the State did not demonstrate that respondent was a person in need of treatment at the time of the hearing because there was no evidence that she presented a risk of harm to others or herself.[1] Respondent contends that the threats and provocative behavior outlined by her psychiatrist were insufficient to demonstrate that respondent made threats that would place others in reasonable fear of physical harm or that demonstrated respondent was unable to look after her own needs.

As set forth above, a person in need of treatment is defined as someone who, due to mental illness, is unable to exercise judgment to such a degree that she presents a danger of harm to others or a danger of harm to herself. A danger of self-harm can be shown with evidence that, among other things,

> he or she has behaved in such a manner as to indicate that he or she is unable, without supervision and the assistance of others, to satisfy his or her need for nourishment, personal or medical care, shelter, or

---

[1] A patient in need of further treatment can also mean "a patient who is receiving adequate treatment, and who, if such treatment is discontinued, presents a substantial probability that in the near future his or her condition will deteriorate and he or she will become a person in need of treatment." 18 V.S.A. § 7101(16)(B). The State concedes that it could not demonstrate this because respondent was not receiving adequate treatment at the time of the hearing.

3

self-protection and safety, so that it is probable that death, substantial physical bodily injury, serious mental deterioration, or serious physical debilitation or disease will ensue unless adequate treatment is afforded.

Id. § 7101(17)(B)(ii).

The trial court found that respondent was a person in need of treatment at the time of the hearing because due to her mental illness she was not able to assess her own needs in a reasonable way, made threats to staff and others, her behavior put her at risk of harm from others, and her obsessive behavior prevented her from adequately caring for herself. These findings are supported by the testimony of P.K.'s psychiatrist that she was agitated, not sleeping well, underweight, was refusing any kind of assistance, was "disinhibited" and was "antagonistic and provocative" towards others to the point where another patient threatened violence against her. Further, that she would quickly decompensate if released and be a greater risk of harm to herself. This is sufficient to demonstrate that respondent was a person in need of treatment because without proper supervision respondent would be unable to satisfy her need for nourishment or other self-care so that "serious mental deterioration" would ensue.

We reject respondent's argument that the court improperly shifted the burden onto her to demonstrate that she could properly care for herself if discharged. The court did not require respondent to make this affirmative showing. The State presented affirmative evidence upon which the court relied to find that respondent presented a risk of harm to herself.

Because we conclude that the court's decision regarding involuntary treatment was supported by the evidence, there is no merit to respondent's argument that the court lacked a basis to reach the State's application for involuntary medication.

Affirmed.

BY THE COURT:

Paul L. Reiber, Chief Justice

Marilyn S. Skoglund, Associate Justice

Harold E. Eaton, Jr., Associate Justice

4